LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

STEPHEN J. FUZESI
(202) 434-5558
sfuzesi@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 10, 2020

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:  *Nunes v. Cable News Network, Inc.*, No. 1:20-cv-03976-LTS-OTW, Pre-Motion Conference Request Regarding Stay of Discovery and Initial Conference Deadlines

Dear Judge Wang:

This case, recently transferred from the Eastern District of Virginia, involves a defamation claim by a United States Congressman against a national news organization (CNN) arising out of an online article—and a later discussion on a television news program—in connection with CNN's reporting on the impeachment of President Trump. Currently pending—and fully briefed—is a case-dispositive motion to dismiss. CNN respectfully requests a pre-motion conference to address its request for a stay of discovery, the initial pretrial conference, and the additional deadlines set forth in the Court's June 8 Initial Case Management Conference Order (ECF No. 31) until resolution of the motion to dismiss.

## Background

Rep. Devin Nunes, a citizen of California, filed this action for libel and "conspiracy" against CNN, calling CNN the "mother of fake news." ECF No. 1. This is one of a half-dozen defamation cases that Rep. Nunes has filed in the past 18 months.[1] The article at issue here reported that a witness's lawyer told CNN that his client was prepared to testify to Congress that Rep. Nunes had met with Ukrainian prosecutor Viktor Shokin to discuss "digging up dirt" on Joe Biden. CNN spoke with the witness's lawyer on the record and quoted him extensively in the report. The lawsuit purports to seek more than $435 million.

CNN moved to dismiss Rep. Nunes's complaint because Rep. Nunes failed to comply with California's retraction statute. Because of that failure, he is limited to seeking special damages

---

[1] *See* Kate Irby, *Devin Nunes filed six lawsuits in 2019. Where are they now?*, Sacramento Bee, Jan. 30, 2020, https://www.sacbee.com/news/politics-government/article23564228.html.

WILLIAMS & CONNOLLY LLP
Honorable Ona T. Wang
June 10, 2020
Page 2

(i.e., actual economic loss)—which he failed to plead. Rep. Nunes then filed an amended complaint (ECF No. 18), which neither pleaded compliance with the statute nor added any allegations of special damages. CNN renewed its motion to dismiss, which is fully briefed and remains pending. *See* ECF Nos. 21, 25, 26. (Per the EDVA court's direction, CNN also filed an Answer.) Judge Swain's chambers contacted counsel yesterday to obtain a copy of one of the exhibits to the motion to dismiss.

CNN separately filed a motion to transfer the case to the Southern District of New York, as it lacked any meaningful connection to Virginia. The Court granted CNN's motion on May 22. ECF No. 27. The Court expressly noted that it would not address the motion to dismiss, "which is best resolved by the transferee court." *Id.* at 17 n.4.

We have conferred by phone with Rep. Nunes's counsel and he informs us that he opposes the relief sought by this letter.

## **Argument**

CNN's motion to dismiss is case-dispositive. It raises purely legal questions concerning Rep. Nunes's failure to comply with a state statute imposing threshold procedures for bringing a defamation claim. No discovery is necessary. Moreover, it is well-recognized that the burdens of discovery have "special significance in libel litigation, where the costs of litigation, in both time and money, are considerations that at least in part led to constitutional limits in the first place." 2 Robert D. Sack, *Sack on Defamation: Libel, Slander, and Related Problems*, § 14:1.1 (5th ed. 2017) (citing *New York Times v. Sullivan*, 376 U.S. 254, 279 (1964)). Cases like this one invoke "a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation," *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016), and there is "particular value in resolving defamation claims at the pleading stage, so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms," *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013) (quotation marks omitted). Ensuring that meritless litigation does not chill free speech is particularly important in a case brought by a sitting United States Congressman over news coverage of proceedings involving the impeachment of the President of the United States.

This Court has "broad discretion" to stay discovery—and the related initial case management process—under Federal Rule of Civil Procedure 26(c), for "good cause shown." *Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir. 2018); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting stay of discovery pending motion to dismiss); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same). Relevant factors include "the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." *Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc*., 2009 WL 274483, *1 (S.D.N.Y. Feb. 3, 2009). All relevant factors weigh in favor of such a stay here.

WILLIAMS & CONNOLLY LLP

Honorable Ona T. Wang
June 10, 2020
Page 3

CNN's pending motion to dismiss, by itself, strongly counsels in favor of staying discovery and the initial case management deadlines until the motion can be resolved. *See, e.g.*, *Trustees of New York City Dist. Council v. Showtime on the Piers LLC*, 2019 WL 6912282, at *1 (S.D.N.Y. 2019) (stay of discovery "appropriate" where defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit" and motion to dismiss was fully briefed); *HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (granting stay where defendants raised "viable grounds" for dismissing the complaint); *Roper v. City of New York*, 2017 WL 462270, at *1-2 (S.D.N.Y. Jan. 25, 2017) (granting stay, explaining that it is appropriate "particularly where resolution of a preliminary matter may decide the entire case"). Indeed, courts frequently stay discovery in libel actions pending resolution of dispositive motions—including one case recently involving Rep. Nunes. *See Nunes v. Lizza*, No. 5:19-cv-4064, ECF 26 (N.D. Iowa Feb. 4, 2020); *see also, e.g.*, *Blankenship v. Napolitano*, 2019 WL 6173530, at *5 (S.D. W.V. Nov. 19, 2019) (staying discovery to "ensur[e] that the defendants' free speech is not 'unduly burdened'").

That discovery here—concerning CNN's reporting relating to a U.S. Congressman in the midst of the impeachment debate—would implicate important interests at the heart of the First Amendment exponentially magnifies the appropriateness of a stay. Moreover, any discovery in this case further promises to present additional complications likely requiring the Court's intervention, not only because discovery implicates the protected newsgathering of a media organization, but also concerns a U.S. Congressman and congressional staff, Ukrainian officials, and potentially even outside counsel to President Trump. And, of course, this matter comes in the context of the current COVID-19 pandemic, which significantly hinders the ability to engage in discovery at all.

Finally, on the other side of the balance, Rep. Nunes can identify no material prejudice if discovery and the initial case management process await disposition of CNN's pending motion. This case is in its infancy, with a threshold motion already fully briefed. *See, e.g., Trustees of New York City Dist. Council*, 2019 WL 6912282, at *4 (finding no prejudice where motions to dismiss already have been filed and, thus, "any stay would last briefly"); *HAHA Global*, 2020 WL 832341, at *1 (same). In fact, Rep. Nunes's counsel is not currently admitted in the Southern District of New York. He will have to apply for and be granted *pro hac vice* status before any proceedings were to commence—or Rep. Nunes would need to retain new counsel.

Respectfully submitted,

/s/ *Stephen J. Fuzesi*

Stephen J. Fuzesi

cc: Steven S. Biss, Esq.