Jeremy Zenilman, Esquire
(N.Y. Bar No. 4862041)
336 East 77th Street #9
New York, New York 10075
Telephone: (516) 650-5821
Email: jzenilman@hotmail.com

*Counsel for Plaintiff, Devin G. Nunes*

June 15, 2020

**VIA CM/ECF**

Honorable Ona T. Wang
United States Magistrate Judge
United States District Court, SDNY
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

    RE:    **Nunes v. Cable News Network**
            **Case No. 1:20-cv-03976-LTS-OTW**

Dear Judge Wang:

      Plaintiff opposes defendant's pre-motion conference request for a stay of discovery, stay of the initial pretrial conference, and stay of the additional deadlines set forth in the Court's Initial Case Management Conference Order [*ECF No. 31*].

## Background

      This is an action for defamation and common law conspiracy that follows CNN's online publication, *Cuomo Prime Time* broadcast, and social media republication of knowingly and demonstrably false statements about Plaintiff, a United States Congressman. Plaintiff alleges that CNN published and republished the false and defamatory statements with actual malice. The sole source of CNN's statements was a known "fraudster", "hustler" – Lev Parnas ("Parnas")[1] – a man indicted by the United States Government, charged with multiple Federal crimes, who faced (and still faces) years in a Federal penitentiary. CNN knew that Parnas was a renowned liar, an opportunist with delusions of grandeur, a man in financial *in extremis* laboring under the weight of a $500,000 civil judgment, and that Parnas had a clear motive to lie. From prior reporting about Parnas, CNN knew that Parnas was not just a "wolf in sheep's clothing", he was a "radioactive" wolf. In short, CNN harbored serious doubts as to Parnas's veracity.

---

[1]     *See United States v. Parnas*, Case 1:19-cr-00725-JPO-1 (S.D.N.Y.).

CNN's false and defamatory statements reached over 60,000,000 people, causing unprecedented damage to Plaintiff's name and reputation.

Plaintiff commenced this action in the United States District Court for the Eastern District of Virginia. In an amended complaint [*ECF No. 18*], Plaintiff alleges two claims: defamation *per se* and common law conspiracy. CNN filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) [*ECF No. 21*][2] and a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). [*ECF No. 14*]. The District Court for the Eastern District of Virginia granted CNN's motion to transfer venue, and transferred the case to this District pursuant to 28 U.S.C. § 1404(a).[3]

There is no good cause for a stay of discovery or a stay of any case management deadlines.

---

[2] CNN concedes that Plaintiff has adequately alleged publication of false and defamatory statements with actual malice. The sole basis of CNN's motion to dismiss Plaintiff's claims is CNN's contention that California law applies and that Plaintiff failed to comply with a California procedural law.

[3] Following a transfer under § 1404(a) initiated by a defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court. *Van Dusen v. Barrack,* 376 U.S. 612, 633-634 (1964); *Menowitz v. Brown*, 991 F.2d 36, 40 (2nd Cir. 1993). Accordingly, in this diversity case, the Court applies Virginia choice of law rules to determine which state's substantive law applies. In defamation cases, Virginia Courts apply the law of the state where the publication occurred. *See, e.g., ABLV Bank v. Ctr. For Advanced Def. Studies, Inc*, 2015 WL 12517012, at * 1 (E.D. Va. 2015) ("[F]or libel claims, Virginia looks to where the statement was published.") (cited in *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652, 669 (E.D. Va. 2019)); *PBM Products, LLC v. Mead Johnson Nutrition Co.*, 678 F.Supp.2d 390, 398 (E.D. Va. 2009) ("Because Mead Johnson alleges that the defamatory Press Release was issued in Virginia, Virginia law applies"); *id. Meadows v. Northrup Grumman Innovation Systems, Inc.*, 2020 WL 476671, at * 4 (W.D. Va. 2020) ("In defamation actions, the place of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties.") (quoting *Wells v. Liddy*, 186 F.3d 505, 521-522 (4th Cir. 1999)); *see also Edwards v. Schwartz*, 378 F.Supp.2d 468, 502 (W.D. Va. 2019) ("In defamation cases, Virginia courts apply the substantive law of the state where the defamatory statements were first published"); *Scott v. Carlson*, 2018 WL 6537145, at * 2 fn. 3 (W.D. Va. 2018) ("Scott alleges that Carlson, a New York resident, published the statements at issue on a website that he created and on YouTube. Accordingly, New York law applies to Scott's claims against Carlson."). CNN is headquartered in New York. There is no dispute that all the publications at issue in this case, including the online article written by Vicky Ward ("Ward"), the statements made by Chris Cuomo ("Cuomo"), Ward and Katie Hill during the *Cuomo Prime Time* broadcast, and the social media publications to CNN's 66,000,000+ Twitter and Facebook followers occurred in or from New York.

The express purpose of the Federal Rules of Civil Procedure (the "Rules") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. It is well-established in this District that "the issuance of a stay is not mandated by rule or decision. Rather, … **discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed**." *Moran v. Flaherty*, 1992 WL 276913, at * 1 (S.D.N.Y. 1992) (citations omitted) (emphasis added).

Here, CNN fails to present "substantial arguments for dismissal." Phrased otherwise, CNN fails to make a "strong showing that the plaintiff's claim is unmeritorious." Indeed, the <u>sole</u> basis of CNN's motion to dismiss is CNN's contention that California law applies to defamatory statements published in New York. CNN's position is contrary to Virginia choice of law rules, and is, in any case, meritless. A stay of discovery or case management deadlines should never be granted on a mere suggestion by counsel for a defendant that "there is some degree of foundation in law for the dispositive motion and a possibility that Defendants may prevail." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev. 2013); *compare Hoxie v. Livingston County*, 2010 WL 822401, at * 1 (E.D. Mich. 2010) ("The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expense.").

CNN's reliance on *Nunes v. Lizza* and *Blankenship v. Napolitano* is misplaced. In *Lizza*, the defendant challenged Plaintiff's defamation claim on multiple substantive grounds. Here, CNN does not raise <u>any</u> substantive challenge to Plaintiff's claim. *Blankenship* involved claims of defamation, false light and conspiracy levelled against "more than one-hundred individual and organizational defendants across the United States". Twenty-two (22) motions to dismiss under Rules 12(b)(2) and 12(b)(6) were filed by defendants, with several defendants joining in a single motion. And, unlike this case where the parties ***have*** conducted there Rule 26(f) conference, the parties in *Blankenship* had not held their Rule 26(f) conference.

Finally, the risk of unfair prejudice is huge. Plaintiff filed this action to clear his name, restore his reputation, and to obtain money damages for the harm inflicted by CNN's fake news. CNN refuses to retract. Every day that CNN's false and defamatory statements remain online is another day the Plaintiff suffers substantial prejudice and injury. *Compare Hearn v. United States*, 2018 WL 1796549, at * 3 (E.D.N.Y. 2018) ("the ultimate relief Plaintiff seeks is reinstatement to the Academy. Accordingly, any delay in the resolution of the instant action would further compound his purportedly wrongful expulsion, and therefore, result in unfair prejudice.").

Plaintiff respectfully requests the Court to deny CNN's pre-motion request.

Yours very truly,
/s/
Jeremy Zenilman

cc.     Steven S. Biss, Esq.