Stephen J. Fuzesi                                      Jeremy Zenilman, Esquire
WILLIAMS & CONNOLLY LLP                                336 East 77ᵗʰ Street #9
725 12th Street NW                                     New York, New York 10075
Washington, DC 20005                                   (516) 650-5821
(202) 434-5000                                         jzenilman@hotmail.com
sfuzesi@wc.com

June 23, 2020

**Via ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:    *Nunes v. Cable News Network, Inc., No. 1:20-cv-03976-LTS-OTW*

Dear Judge Wang:

Pursuant to the Court's June 8, 2020, Initial Case Management Conference Order, the parties jointly submit this letter to briefly explain their scheduling dispute. This dispute, previously set forth in the parties' letters of June 10 (ECF No. 32) and June 15 (ECF No. 34), concerns whether discovery should begin now or await resolution of the CNN's pending motion to dismiss. The parties further disagree about the timetable for discovery if it commences.

**Defendant's Position**

CNN's case-dispositive motion to dismiss is already fully briefed and awaiting decision by Judge Swain. There are compelling reasons to stay discovery—and postpone the issuance of a case schedule—until that motion is decided. As noted in CNN's letter-motion of June 10 (ECF No. 32), multiple factors weigh in favor of a stay. Indeed, since submission of that letter motion, Rep. Nunes has now issued document requests to CNN and provided notice of Rule 45 document subpoenas to two witnesses.

*First*, CNN has filed a dispositive motion that should resolve this case. It raises purely legal questions concerning Rep. Nunes's failure to comply with a statute imposing threshold procedures for bringing a defamation claim. No discovery is required to decide this motion. This alone is grounds for a stay.

*Second*, this case implicates important First Amendment considerations that make a stay uniquely appropriate here. This lawsuit is brought by a United States Congressman against a news organization (CNN), in connection with CNN's reporting on the impeachment of President Trump. Courts repeatedly have warned of the burdens on free speech that are imposed by requiring the press to defend against suits like this one. *See, e.g.*, *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013) (noting the "particular value in resolving defamation claims at the pleading stage,

1

so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms" (quotation marks omitted)).   Because the burdens of discovery are magnified by the concerns that such litigation will chill First Amendment rights, courts frequently stay discovery pending resolutions of motions to dismiss in defamation cases.   It bears emphasis that this is just one of a half-dozen lawsuits that Rep. Nunes has filed against news organizations over the past year in an apparent attempt to use litigation to chill their reporting.

*Third*, any discovery here promises to be complicated, sensitive, and burdensome.   Because this lawsuit involves a news organization, discovery will involve newsgathering protected by privileges under both the First Amendment and state law.   CNN has now received 28 document requests seeking all notes, communications, and other documents concerning CNN's reporting—among other topics.   Discovery here will further involve a sitting United States Congressman, his congressional staff, the President's personal lawyer, present and former Ukrainian government officials, and a key witness (Lev Parnas) under indictment in this District with a current trial date of February 1, 2021,[1] among others.   Indeed, Rep. Nunes's initial disclosures name three other present or former members of Congress (Katie Hill, Adam Schiff, and Maxine Waters); one candidate for Congress (Phil Arballo, who is running against Rep. Nunes); and the Democratic Congressional Campaign Committee.   Rep. Nunes already has provided notice of Rule 45 document subpoenas to Mr. Parnas and his lawyer, Joseph Bondy.   There is no reason to commence this discovery unless and until it is required.

*Fourth*, this case arises in the extraordinary context of the COVID-19 pandemic, which continues to disrupt the ability of parties to gather facts and engage in discovery to an unprecedented degree.   At this time, while many personnel are working from home and CNN's offices remain closed, CNN's ability to conduct discovery (such as searching for and collecting relevant documents) is significantly hindered.[2]

*Fifth*, Rep. Nunes does not face any material prejudice by awaiting a decision on the motion to dismiss.   This case was just transferred to the Southern District on May 22, and the motion to dismiss is fully briefed.   Rep. Nunes's lead counsel has not even applied for pro hac status yet.

In short, for all of these reasons, the Court should stay discovery—and the issuance of a case schedule—until CNN's pending motion to dismiss is decided.

To the extent the Court proceeds with issuing a case schedule, CNN submits that the timeframe proposed by Rep. Nunes fails to adequately take into consideration the complexities and needs of this case.   In his Amended Complaint, Rep. Nunes purports to seek more than $425 million in damages—and now upwards of $750 million, per his initial disclosures.   Discovery here, as noted above, will implicate not only the privileged newsgathering of a news organization, but the documents and testimony of potentially numerous present and former members of the House of Representatives, congressional staff, present and former foreign government officials, and a key

---

[1] *United States v. Lev Parnas, et al.*, 19 Cr. 725 (JPO), ECF No. 110 (April 15, 2020).

[2] Further, "Zoom" depositions are not an adequate or appropriate substitute for in-person discovery in this matter.

witness facing a pending criminal trial.  This discovery will be time-consuming and likely demand the court's intervention.  Further, any schedule should account for the significant effects of the COVID-19 pandemic and its disruption of the ability to engage in fact-gathering and discovery in the short-term.  And the schedule should take into account the fact that, if the case proceeds past a motion to dismiss, CNN anticipates filing a substantial summary judgment motion on actual malice, substantial truth, and other defenses—which should be resolved before costly trial preparation must begin.[3]

The schedule proposed by CNN accounts for these factors, while Plaintiff's schedule does not.  Among other things, Plaintiff's schedule allows only six months for the entirety of fact discovery—both documents and depositions, of parties and third-parties.  It additionally provides no time for decision on summary judgment before moving immediately into pre-trial deadlines and trial.  That is not an appropriate schedule for this matter.

**Plaintiff's Position**

CNN misconstrues the First Amendment and conflates "freedom" of the press with the right to defame public officials.  Freedom of speech is not absolute.  *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942); *id. Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-246 (2002) ("freedom of speech has its limits; it does not embrace certain categories of speech, including defamation").  False and defamatory statements are not entitled to ***any*** constitutional protection.  *See, e.g., Chaplinsky*, 315 U.S. at 572 ("There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem.  These included the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words – those which by their very utterance inflict injury or tend to incite an immediate breach of the peace.  It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality."); *id. Herbert v. Lando*, 441 U.S. 153, 171 (1979) ("[s]preading false information in and of itself carries no First Amendment credentials."); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349-350 (1974) (there is "no constitutional value in false statements of fact.").

Plaintiff believes there should be no delay and that discovery should begin now.  Plaintiff points to the ongoing harm he suffers every day that the CNN Article and *Cuomo Prime Time* Broadcast remain online, unretracted, uncorrected, subject to repeated republication.  [*E.g.,* https://twitter.com/whstancil/status/1230292227827437568  (02/27/2020 – "Remember when Parnas said Nunes was part of the conspiracy to get dirt on Biden?")].  **This harm is real and it mounts *every* day**.  CNN appears to be oblivious to the massive injury that it caused and continues to cause because of its refusal to retract the CNN Article and *Cuomo Prime Time* Broadcast.

---

[3] Summary judgment routinely is granted in cases involving public figures or public officials, for lack of actual malice.  *See, e.g., McFarlane v. Sheridan Square Press*, 91 F.3d 1501, 1515 (D.C. Cir. 1996) ("Few public figures have been able clearly and convincingly to prove that the scurrilous things said about them were published by someone with serious doubts as to the truth of his publication.") (affirming grant of summary judgment).

The fact that Plaintiff has filed other actions in other jurisdiction against other defendants has no bearing on *this* action.  Reference to these "half-dozen lwsuits" is an improper attempt by CNN to distract the Court and avoid discovery into CNN's wrongdoing in *this* case.

After the parties conducted their Rule 26(f) conference, Plaintiff served CNN with a request for production of documents that is narrowly tailored to the issues in this case and that indisputably seeks relevant documents.  Plaintiff also served Rule 45 Subpoenas on two principal witnesses, again expressly seeking relevant documents.

The responses to Plaintiff's discovery requests will demonstrate the abject falsity of CNN's statements and that CNN and its agents acted with reckless disregard for the truth.

CNN's strategy is to delay because its actions are indefensible.  Plaintiff seeks a speedy, just and inexpensive "day in court".  Plaintiff calls upon CNN to show its evidence that he was in Vienna in December 2018 and that he met with Shokin to discuss digging up dirt on the Bidens.  This fictitious story should never have been published.

Under Plaintiff's proposed schedule, the case would be trial ready by June 30, 2021, which is approximately 1.7 years after the publications at issue.  Plaintiff contends that his proposed schedule is consistent with the policies and objectives of Rule 1 of the Federal Rules of Civil Procedure and affords more than enough time to adequately prepare the case for trial.

While Plaintiff recognizes that COVID-19 remains an issue, Courts are open for business, all records in this case can be produced electronically, video (Zoom) depositions and telephone depositions remain a viable alternative to any depositions that cannot be taken in person, and any necessary discovery issues can be resolved in the ordinary course by following the Court's Individual Civil Practices and the Local Civil Rules.  Once again, every day that the false and defamatory statements remain on the Internet, Plaintiff suffers additional injury to his name and reputation.  Plaintiff seeks a just, speedy and inexpensive resolution of this matter, and opposes any undue delay.

Respectfully submitted,

*/s/ Jeremy Zenilman & Stephen J. Fuzesi*
Counsel for Plaintiff Devin G. Nunes
Counsel for Defendant CNN

4