UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                  :

DEVIN G. NUNES                  :
                                  :

       Plaintiff,             :
                                  :

v.                               :        Case 20-cv-3976 (LTS) (OTW)
                                  :

CABLE NEWS NETWORK, INC.    :
                                  :

       Defendant.        :
_____X

# PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Devin G. Nunes ("Plaintiff"), by counsel, pursuant to the Court's Order entered June 30, 2020 [*ECF No. 40*], respectfully submits the following Supplemental Brief in support of his opposition to the motion to dismiss [*ECF No. 21*] filed by defendant, Cable News Network, Inc. ("CNN"):

## I.  INTRODUCTION

At the Initial Case Management Conference on June 30, 2020, the Court requested supplemental briefing on the issues whether California law applies, what other state's laws apply, and how the choice of law analysis impacts CNN's motion to dismiss?

This Brief addresses the Court's questions.

## II.  BACKGROUND

This defamation action arises out of (a) an article written in New York by CNN reporter, Vicky Ward, that CNN published in New York, (b) a subsequent television

broadcast (*Cuomo Prime Time*) that occurred at CNN's studios in New York, and (c) the republications of the defamatory statements by CNN in New York to 50,000,000+ followers on Twitter and Facebook.

CNN filed a motion to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). [*ECF No. 14*].  In its memorandum in support of motion to transfer, CNN made the following representations:

- The Southern District of New York is "the district with the most significant connections to the case";

- The author of the online report, Ward, is "based in New York, as is anchor Chris Cuomo and the *Cuomo Prime Time* program";

- Lev Parnas, the putative source of the statements, is a Florida resident currently under indictment in the Southern District of New York;

- Key witnesses include Joseph Bondy and Rudy Giuliani, both from New York;

- It would be "more convenient for CNN to litigate in New York."  Ward "lives in New York and maintains her files there."  Similarly, "Mr. Cuomo's show is produced and telecast in New York."  Indeed, "CNN itself has a substantial presence in New York".

[*ECF No. 16, pp. 1, 3, 4, 8, 9*].

The United States District Court granted CNN's motion, and transferred the case to this District pursuant to § 1404(a). [*ECF No. 28*].

## III.  DISCUSSION

Following a transfer under § 1404(a) initiated by a defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court. *Van Dusen v. Barrack,* 376 U.S. 612, 633-634 (1964); *Menowitz v. Brown*, 991 F.2d 36, 40 (2nd Cir. 1993).  Accordingly, in this diversity case, the Court applies Virginia choice of law rules to determine which state's substantive law applies.

A.   **_Virginia's Choice Of Law Rules_**

In tort actions, it is well-settled that Virginia applies the rule of *lex loci delicti,* or the law of the place of the wrong, **_not_** the law of the state that has the "most significant relationship" to a plaintiff's injury. *Kovari v Brevard Extraditions, LLC*, 2020 WL 2563730, at * 14 (W.D. Va. 2020) ("Virginia courts have repeatedly rejected the application of the test propounded by the Second Restatement, asking which state has the 'most significant relationship' to plaintiff's injury"). In *Jones v. R.S. Jones & Assoc.*, the Virginia Supreme Court expressly held as follows:

> "In *McMillan v. McMillan,* 219 Va. 1127, 253 S.E.2d 662 (1979), we declined an invitation to adopt the so-called 'most significant relationship' test, recommended by *Restatement (Second) of Conflicts of Laws* §§ 145, 146 (1971), for resolving conflicts of laws arising in multistate tort actions. 219 Va. at 1129, 253 S.E.2d at 663. We said that we would adhere to the lex loci delicti, or place of the wrong, standard that had been 'the settled rule in Virginia.' *Id.* at 1128, 253 S.E.2d at 663. According to the settled rule, "the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy." *Maryland v. Coard,* 175 Va. 571, 580-81, 9 S.E.2d 454, 458 (1940) (quoting 5 R.C.L. 917 (1914)).
> …
>
> In other words, in this case, we apply the substantive law of Florida, the place of the wrong, and the procedural law of Virginia."

246 Va. 3, 5, 431 S.E.2d 33 (1993).

In defamation cases, Virginia Courts uniformly apply the law of the state where the publication occurred. *See, e.g., ABLV Bank v. Ctr. For Advanced Def. Studies, Inc*, 2015 WL 12517012, at * 1 (E.D. Va. 2015) ("[F]or libel claims, Virginia looks to where the statement was published") (cited in *Cockrum v. Donald J. Trump for President, Inc.*, 365 F.Supp.3d 652, 669 (E.D. Va. 2019)); *PBM Products, LLC v. Mead Johnson Nutrition Co.*, 678 F.Supp.2d 390, 398 (E.D. Va. 2009) ("Because Mead Johnson alleges that the defamatory Press Release was issued in Virginia, Virginia law applies"); *id.*

*Meadows v. Northrup Grumman Innovation Systems, Inc.*, 2020 WL 476671, at * 4 (W.D. Va. 2020) ("In defamation actions, the place of the harm has traditionally been considered to be the place where the defamatory statement was published, i.e., seen or heard by non-parties.") (quoting *Wells v. Liddy*, 186 F.3d 505, 521-522 (4th Cir. 1999)); *Scott v. Moon*, 2019 WL 332415, at * 3 fn. 5 (W.D. Va. 2019) ("Scott alleges that Moon published the statements at issue on a website that he controls from Florida. Accordingly, Florida law applies to Scott's claims against Moon.") (citing *Wiest v. E-Fense, Inc.*, 356 F.Supp.2d 604, 608 (E.D. Va. 2005) ("Because Plaintiff alleges that 'the website in question is controlled from Defendant E–Fense, Inc.'s corporate headquarters located in Virginia,' and the allegedly defamatory statements were published on this website, Virginia law applies.")); *Edwards v. Schwartz*, 378 F.Supp.2d 468, 502 (W.D. Va. 2019) ("In defamation cases, Virginia courts apply the substantive law of the state where the defamatory statements were first published"); *Scott v. Carlson*, 2018 WL 6537145, at * 2 fn. 3 (W.D. Va. 2018) ("Scott alleges that Carlson, a New York resident, published the statements at issue on a website that he created and on YouTube. Accordingly, New York law applies to Scott's claims against Carlson."); *Velocity Micro, Inc. v. J.A.Z. Marketing, Inc.*, 2012 WL 3017870, at * 6 (E.D. Va. 2012) ("Under Virginia law, in multi-state tort actions, commercial defamation is controlled by the law of the state in which the tort occurred, that is the say, specifically where the defamatory writing was first published.") (citing *Lapkoff v. Wilks*, 969 F.2d 78, 81 (4th Cir. 1992) ("Because the statements were made in Virginia, Virginia law applies.")); *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F.Supp.2d 909, 914 (E.D. Va. 2004) ("because all statements at issue in this case were allegedly published in Virginia, Virginia's one-year

statute of limitations applies."); *St. Clair v. Righter*, 250 F.Supp. 148, 150 (W.D. Va. 1966) ("It seems well settled that in a defamation action, the place of publication (the last event necessary to render the tort-feasor liable) is the place of the wrong.").

In *Gilmore v. Jones*, the United States District Court for the Western District of Virginia deviated from the accepted rule in defamation cases.  The *Gilmore* Court was very careful, however, to limit its holding to the unique circumstances presented in the litigation.  *Gilmore* involved a "multi-defendant, multi-state internet tort case", where the publications occurred in "multiple jurisdictions". 370 F.Supp.3d 630, 664-665 (W.D. Va. 2019).  In these unique circumstances, the District Court predicted that the Virginia Supreme Court would define the "place of the wrong" as the "state where the plaintiff is primarily injured as a result of the allegedly tortious online content". *Gilmore*, 370 F.Supp.3d at 666.

**B.**   ***New York Law Applies***

This is **not** a multi-state, multi-defendant tort case.[1]

This case involves statements that were published **exclusively** in New York. There is but one Defendant, CNN, who, by its own admission, has a substantial presence in New York.  The author of the online article and the anchor of the television broadcast at issue, Ward and Cuomo, are both located in New York and were located in New York when they committed the torts of defamation.

---

[1]    Even if the Court were to follow the rationale in *Gilmore v. Jones*, and somehow find that this is a "multi-defendant, multi-state" defamation case, the fact is that Plaintiff's injuries are concentrated in Virginia or the District of Columbia where Plaintiff works, has his office (Longworth House Office Building, Suite 1013, Washington, D.C. 20515), performs his oversight of the Intelligence Community as the Ranking Member of the House Intelligence Committee, and was physically present at the time CNN published its false and defamatory statements.

Applying Virginia choice of law rules, New York law applies in this case because New York is the place of publication. *See Depp v. Heard*, 2019 WL 8883669, at * 5 (Fairfax Cir. 2019) ("The last event necessary for an individual to become liable for defamation in online, multi-jurisdictional cases occurs when the defamatory statement is uploaded to the internet. Therefore, the place of the wrong in this case is the place where the act of publication of Ms. Heard's Op-Ed to the internet occurred.").

Because New York law applies, CNN's motion to dismiss should be denied.[2]

## CONCLUSION

At this stage of the proceeding, Plaintiff's allegations must be viewed in the light most favorable to him. There is no need for the Court to guess what the Virginia Supreme Court would do or not do. Traditional choice of law rules, accepted and uniformly applied by Virginia Courts demonstrate that California law does not and should not apply.

Plaintiff respectfully requests the Court to deny CNN's motion to dismiss.[3]

---

[2]       Even assuming*, arguendo*, that California law applies, Plaintiff advances additional arguments why the California procedural law does not apply in this case of defamation *per se*. These arguments are set out in Plaintiff's memorandum in opposition to CNN's motion [*ECF No. 25, pp. 6-8*], and will not be repeated here.

[3]       In Virginia, a plaintiff claiming defamation must allege the "(1) publication (2) of an actionable statement with (3) the requisite intent." *Steele v. Goodman*, 382 F.Supp.3d 403, 418 (E.D. Va. 2019) (quoting *Jordan v. Kollman*, 269 Va. 569, 575, 612 S.E.2d 203 (2005)). To prevail on a claim for defamation, a party must prove by a preponderance of the evidence that the allegedly defamatory statements are both false and defamatory, so harming the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. A statement is defamatory *per se* if imputes an unfitness to perform the duties of a job or a lack of integrity in the performance of the duties or prejudices the party in his profession or trade. *Steele*, 382 F.Supp.3d at 418-419 (citations and quotations omitted). In its motion to dismiss, CNN concedes that Plaintiff has alleged the publication of false and defamatory statements with the requisite intent – in this case, actual malice.

DATED:        July 20, 2020


                        DEVIN G. NUNES


                By:___*/s/ Steven S. Biss*_____
                        Steven S. Biss (VSB # 32972)
                        (*Admitted Pro Hac Vice*)
                        300 West Main Street, Suite 102
                        Charlottesville, Virginia 22903
                        Telephone:     (804) 501-8272
                        Facsimile:     (202) 318-4098
                        Email:         stevenbiss@earthlink.net

                        Jeremy Zenilman, Esquire
                        (N.Y. Bar No. 4862041)
                        336 East 77th Street #9
                        New York, New York 10075
                        Telephone:  (516) 650-5821
                        Email:  jzenilman@hotmail.com

                        *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:   */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        (*Admitted Pro Hac Vice*)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:      stevenbiss@earthlink.net

        Jeremy Zenilman, Esquire
        (N.Y. Bar No. 4862041)
        336 East 77th Street #9
        New York, New York 10075
        Telephone:  (516) 650-5821
        Email:  jzenilman@hotmail.com

        *Counsel for the Plaintiff*