IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**DEVIN G. NUNES,**

          **Plaintiff,**

  v.

**CABLE NEWS NETWORK, INC.,**

          **Defendant.**

Civil No.: 1:20-cv-03976

**RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF
ON CNN'S MOTION TO DISMISS**

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas
Kevin T. Baine
Stephen J. Fuzesi

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
kbaine@wc.com

*Attorneys for Cable News Network, Inc.*

## **INTRODUCTION**

California law governs this defamation action brought by a California Congressman—a "citizen of California," born, raised, and domiciled in the state of California. Am. Compl. ¶ 7. There is no dispute that Virginia choice of law rules apply to this case, which was transferred from the Eastern District of Virginia. The question presented in this supplemental briefing is how the Virginia Supreme Court would apply the state's lex loci delicti rule in a multistate defamation case—where the statements at issue were published to audiences online and on television in fifty states across the nation. As CNN explained in its prior briefing, the prevailing view—and the view already expressed in this District—is that the law of the plaintiff's domicile should presumptively control, as that is where "the plaintiff suffered the greatest injury." *Hatfill v. Foster*, 415 F. Supp. 2d 353, 364 (S.D.N.Y. 2006); *Gilmore v. Jones*, 370 F. Supp. 3d 630, 645 (W.D. Va. 2019). Here that is the law of California, Rep. Nunes's home state.

In his Supplemental Brief, Rep. Nunes has now settled on pressing for the application of New York law instead of California law, but makes no new arguments. He continues to ignore altogether the prior precedent from this District, which held that, consistent with the "vast majority" of lex loci jurisdictions, Virginia "would follow the lead of other lex loci jurisdictions and pinpoint the place of greatest harm in this multistate libel case in the district where the plaintiff was domiciled." *Hatfill*, 415 F. Supp. 2d at 364-65. Further, Rep. Nunes continues to ignore the multiple compelling reasons why this interpretation of Virginia's choice of law rules makes the most sense in the context of a multistate defamation case such as the one presented.

For the sake of brevity, we will not repeat all of the arguments made in CNN's prior briefing, CNN Mem. 7-13 (ECF No. 21); CNN Reply 4-7 (ECF No. 26), but respond here to the most salient points raised in Rep. Nunes's Supplemental Brief.

## ARGUMENT

"Where a change of venue is granted under 28 U.S.C. § 1404, the transferee court applies the choice of law rules of the transferor court." *Hatfill*, 415 F. Supp. 2d at 364 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990)). The parties thus agree that Virginia choice of law rules apply. Likewise, there is no dispute that Virginia courts look to "the place of the wrong (lex loci delicti)" to determine "which State's substantive law applies in a tort action." *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986); Supp. Br. 3. However, the parties disagree about how the rule applies in a multistate defamation action like this. Consistent with prior Southern District precedent, it is the law of Plaintiff's longtime domicile, California, that governs here—not the law of New York, as Rep. Nunes urges.

    1.    Rep. Nunes's argument that New York law applies rests on a misreading of how lex loci delicti traditionally has been applied in defamation actions. Rep. Nunes states that here "[t]he author of the online article and the anchor of the television broadcast at issue . . . are both located in New York," Supp. Br. 5, and asserts that Virginia courts "apply the law of the state where the publication occurred," *id.* 3. But, as several cases cited by Rep. Nunes recognize, the "place of publication" has traditionally been understood in the choice of law analysis to be where the allegedly defamatory publication was "'<u>seen or heard by non-parties</u>,'" *id.* (quoting *Meadows v. Northrup Grumman Innovation Sys., Inc.*, 436 F. Supp. 3d 879, 886 (W.D. Va. 2020) (emphasis added)), not where it was written. *See also* CNN Mem. 8; CNN Reply 4-5. For example, federal courts in Virginia repeatedly have held that when an email is sent from one jurisdiction to another, it is the law of the jurisdiction where the email is <u>read</u> that controls—not the law of the jurisdiction from which it is sent. *Velocity Micro, Inc. v. J.A.Z. Mktg.*, 2012 WL 3017870, at *6 (E.D. Va. July 23, 2012) (place of publication is the "place where the [allegedly defamatory] email was opened

2

and read"); *see also, e.g.*, *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 502 (W.D. Va. 2019) ("the place where the email was opened and read").[1]

Here, as Rep. Nunes alleges in his Amended Complaint, the CNN coverage at issue was "heard and understood" by viewers and readers in all 50 states—and even "around the World." *See* Am. Compl. ¶ 38. As a result, Rep. Nunes's incantation that the state of "publication" should apply only underscores the dispositive question: "how the 'place of the wrong' should be defined in 'situations where the defamatory content is published in multiple jurisdictions[?]'" *Gilmore*, 370 F. Supp. 3d at 664 (citation omitted); *see also Hatfill*, 415 F. Supp. 2d at 364; *Wells v. Liddy*, 186 F.3d 505, 527 (4th Cir. 1999). Rep. Nunes provides no answer.

2.  The 2019 *Gilmore* decision from the Western District of Virginia is the most recent federal court decision to consider the question, and offers comprehensive analysis. CNN Mem. 10-11. As *Gilmore* explains, the Virginia Supreme Court would apply the law of the state in which the plaintiff suffered the greatest injury (presumptively the plaintiff's domicile) in a multistate defamation action. That approach best achieves "the underlying rationale" of the lex loci rule, which the Virginia Supreme Court has held to be "uniformity, predictability, and ease of application." *Gilmore*, 370 F. Supp. 3d at 665 (citation omitted).[2] It also avoids "thorny questions" about where publication occurs as a technical matter, e.g., is it "where an individual

---

[1] Similarly, Rep. Nunes's reliance on CNN's motion to transfer the case to this Court is a red herring. The standard governing transfer (which takes into account the location of witnesses and other factors) is not the lexi loci test. *See, e.g.*, *Hatfill*, 415 F. Supp. 2d at 364-66 (applying the law of the District of Columbia after transfer to the Southern District from Virginia).

[2] The inherent unpredictability and inconsistency of Rep. Nunes's approach is highlighted by his own briefing. While he now argues that "New York is the place of publication," and that New York law should apply, Supp. Br. 5-6, prior to transfer, Rep. Nunes argued that "publication of the defamatory statements occurred in Virginia," and that Virginia or New York law should apply, Opp. 8-9.

3

uploads content, the state where the relevant media platform or publication maintains headquarters, the state where a website's servers are located, or the state where third parties actually view the content (which, absent restrictions on the geographic reach of a particular online publication, will be in all fifty states and across the world)"?  *Gilmore*, 370 F. Supp. 3d at 665 (footnote omitted) (citing cases).[3]  Indeed, in multistate defamation cases like this one, such questions often go well beyond what is apparent on the face of a complaint, and it makes little sense to apply a rule that would regularly require courts to guess.  *See* CNN Mem. 11 (citing cases).

Rep. Nunes argues that *Gilmore* involved "unique circumstances" because it was a "multi-defendant, multi-state internet tort case."  Supp. Br. 5.  But, of course, this case involves publication online and on television across all 50 states by a national news organization.  And the fact that *Gilmore* involved multiple defendants is no basis to distinguish its analysis.  The problems described above are endemic to multistate defamation cases generally, irrespective of the number of defendants.

Rep. Nunes additionally suggests, incorrectly, that CNN is advocating for application of a "most significant relationship" test from the Second Restatement, which the Virginia Supreme Court has rejected.  Supp. Br. 3.  However, as both *Gilmore* and CNN's prior briefing make clear, "the tests are different."  *See* CNN Mem. 11-12; CNN Reply 5 n.2.  *Gilmore* was explicit that it "does not hold that the Supreme Court of Virginia would apply the Second Restatement's 'most significant relationship' test."  370 F. Supp. 3d at 665 n.37 (emphasis added).  Rep. Nunes once again fails to acknowledge the precise holding of *Gilmore*.

---

[3] This concern has been separately echoed by numerous courts in this District.  *See, e.g.*, *Broadspring, Inc. v. Congoo, LLC*, 2014 WL 4100615, at *6 (S.D.N.Y. Aug. 20, 2014) ("[I]n cases where a defamatory statement is published nationally, as here, it is not immediately apparent how one might identify the place where the tort of defamation occurred." (quotation marks omitted)).

3. Moreover, far from "deviat[ing] from the accepted rule," Supp. Br. 5, *Gilmore* stands in line with the "vast majority" of lex loci jurisdictions, which similarly resolve this multistate defamation choice of law problem by applying the law of the state "where the plaintiff suffered the greatest injury"—which is presumptively the plaintiff's domicile. *See* CNN Mem. 9-13 (quoting *Hatfill*, 415 F. Supp. 2d at 365, and citing cases); *see also, e.g.*, *Swinney v. Frontier Airlines, Inc.*, 2020 WL 3868831, at *3 (M.D.N.C. July 9, 2020) ("[T]his Court concludes that the North Carolina Supreme Court, consistent with the First Restatement of Conflict of Laws and the principle of *lex loci*, would likely treat [plaintiffs'] state of residency as the state where their reputational injury occurred, as that is the place where they are known and thus where the harm to their reputations most likely would have occurred."); *Ascend Health Corp. v. Wells*, 2013 WL 1010589, at *2 (E.D.N.C. Mar. 14, 2013); *Hudson Assocs. Consulting, Inc. v. Weidner*, 2010 WL 1980291, at *6 (D. Kan. May 18, 2010); *Adventure Outdoors, Inc. v. Bloomberg*, 2007 WL 9735875, at *3 (N.D. Ga. Dec. 18, 2007); *Lawrence-Leiter & Co. v. Paulson*, 963 F. Supp. 1061, 1065 (D. Kan. 1997).

Indeed, Rep. Nunes entirely ignores the Southern District precedent, *Hatfill*, which already examined and resolved the question when specifically applying Virginia choice of law rules to a multistate defamation case transferred from the Eastern District of Virginia. 415 F. Supp. 2d at 365. In *Hatfill*, Judge McMahon noted that the Virginia Supreme Court had not yet decided the question of how to apply lex loci delicti principles to a multistate defamation case. *Id.* But the Court emphasized that "lex loci jurisdictions have shown remarkable consistency in how to resolve the question," and predicted that Virginia would "follow the lead of other lex loci jurisdictions and pinpoint the place of greatest harm in this multistate libel case in the district where the plaintiff was domiciled, absent strong countervailing circumstances." *Id.* at 364-65. There are no "strong

countervailing circumstances" here that would warrant the choice of New York law in a case brought by a California Congressman, who is elected by voters from California's 22nd Congressional District, and who has lived his entire life in California—and Rep. Nunes identifies none.  *See* CNN Reply 6.[4]  Rep. Nunes's position cannot be reconciled with *Hatfill*.  That precedent compels the application of California law here.

4.   In the face of this authority, Rep. Nunes continues to cite the same inapposite cases that do not address the multistate defamation question presented here.  In several, the issue was not even in dispute, *see, e.g.*, *Wiest v. EFense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) (emphasizing that both parties relied on Virginia law and "raised no question about choice of law"); *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 502 (W.D. Va. 2019) (no dispute that Virginia law applies); *Velocity Micro, Inc.*, 2012 WL 3017870, at *6 (no dispute that Minnesota law applies); while others were not multistate defamation cases at all, *e.g.*, *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 914 n.4 (E.D. Va. 2004) (all statements made in Virginia); and others left the issue unresolved, *e.g.*, *Meadows*, 436 F. Supp. 3d at 887 (holding that the court lacked jurisdiction, and declining to decide which state's law should apply); *see also* CNN Reply 4-7.[5]  On the whole, the cases simply prove CNN's point, reaching "varying conclusions about the

---

[4] In fact, Rep. Nunes has asserted that he suffered harm in Virginia and Washington, D.C., not New York.  *See* CNN Reply 6-7 (emphasizing that these conclusory allegations could not overcome the strong presumption of his injury in California).

[5] Rep. Nunes cites only one new case where the issue of multistate defamation choice of law was actually in dispute, *Depp v. Heard*, 102 Va. Cir. 324 (Jul. 25, 2019) (unpublished table decision), 2019 WL 8883669, at *5-6, a state trial court letter ruling.  But there, considering choice of law in connection with a forum non coveniens motion, the court erroneously framed the issue as a choice between whether to "adhere to lex loci" *or* adopt the "significant relationship" test.  *Id.*  As *Gilmore* explained, that is a false choice.  *See supra* p. 4.  The approach taken in *Gilmore*, *Hatfill*, and other cases is an application of the lex loci rule.  Moreover, the *Depp* court ultimately held that choice of law should be determined by where "computer servers" happened to be located (Virginia in that case—a fact that happened to be alleged in that complaint).  2019 WL 8883669, at *6.  But server

meaning of publication in different online contexts." *Gilmore*, 370 F. Supp. 3d at 665 & n.39 (citing cases, including multiple cases relied on by Rep. Nunes). None analyze the issue in any material depth, much less apply it in the context of a national news story. In short, they provide no basis for this Court to diverge from the "remarkabl[y] consisten[t]" rule applied in the "vast majority" of jurisdictions, *Hatfill*, 415 F. Supp. 2d at 364-65, including the most current and comprehensive federal court opinion on the issue, *Gilmore*, 370 F. Supp. 3d at 665.[6]

## CONCLUSION

For all of these reasons, and those set forth in CNN's prior briefing, the Court should apply California law and grant CNN's Motion to Dismiss with prejudice. Rep. Nunes does not—and cannot—plead compliance with California's retraction statute, nor the special damages to which he is limited as a result of his failure to comply with the statute. Accordingly, "without an allegation of special damages, the complaint does not allege a legally sufficient cause of action, and it must be dismissed." *King v. Am. Broad. Cos.*, 1998 WL 665141, *4 (S.D.N.Y. Sept. 28, 1998).

Dated:  August 14, 2020

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:   /s/ *Stephen J. Fuzesi*

Dane H. Butswinkas
Kevin T. Baine
Stephen J. Fuzesi

---

location is not only entirely unpredictable and frequently meaningless, *see, e.g.*, *Gilmore*, 370 F. Supp. 3d at 665, it is also a completely different test than what Rep. Nunes advocates here.

[6] Finally, while not relevant to this Motion, there is no basis to Rep. Nunes's repeated contention that CNN has "concede[d]" that it published "false and defamatory statements" with "actual malice." Supp. Br. 6 n.3. Indeed, this accusation was specifically refuted during argument on the stay of discovery pending resolution of this Motion. *See* June 30 Hr'g. T. 12:13-15; 17:11-16.

             725 Twelfth Street, N.W.
             Washington, DC 20005
             Telephone: (202) 434-5000
             Facsimile: (202) 434-5029
             kbaine@wc.com

             *Attorneys for Cable News Network, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2020, I caused a true and correct copy of the foregoing Response to Plaintiff's Supplemental Brief on CNN's Motion to Dismiss to be served on counsel of record via the Court's CM/ECF system.

/s/ *Stephen J. Fuzesi*

Stephen J. Fuzesi