LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

STEPHEN J. FUZESI
(202) 434-5558
sfuzesi@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 21, 2020

**Via ECF**

Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

    Re: *Nunes v. Cable News Network, Inc.*, No. 1:20-cv-03976-KMW-OTW, Opposition to Pre-Motion Conference Request

Dear Judge Wood:

  There is no basis for Plaintiff's request for a pre-motion conference. CNN's motion to dismiss is already fully briefed—and the issue that Plaintiff raises in his letter, concerning whether the California retraction statute applies here, was specifically addressed by both parties in that prior briefing. Plaintiff's letter is nothing more than a bid to submit additional briefing without any valid reason for doing so. His request is both procedurally improper and premised on a meritless legal argument. It should be denied.

## Background

  This case, transferred from the Eastern District of Virginia, involves a defamation claim by Rep. Devin Nunes, a California Congressman, against a national news organization (CNN) arising out of an online article—and a later discussion on a television news program—in connection with CNN's reporting on the impeachment of President Trump.

  CNN moved to dismiss Rep. Nunes's complaint because he failed to comply with California's retraction statute. Because of that failure, Rep. Nunes is limited under California law to seeking special damages (i.e., actual economic loss)—which he failed to plead. Rep. Nunes then filed an amended complaint, which neither pleaded compliance with the statute nor added any allegations of special damages. ECF No. 18. On February 21, CNN renewed its motion to dismiss. ECF Nos. 21-22. On March 2, Rep. Nunes filed an opposition brief, which made the argument pressed here that because the retraction statute is "procedural," it would not apply under applicable

WILLIAMS & CONNOLLY LLP
Hon. Kimba M. Wood
August 21, 2020
Page 2

choice of law rules. ECF No. 25 at 1, 8. On March 12, CNN filed a reply, which addressed and refuted that same argument. ECF No. 26 at 3.

After the case was transferred to the Southern District, Judge Wang stayed discovery pending resolution of CNN's motion to dismiss and directed the parties to provide supplemental briefing on choice of law. ECF No. 40. Rep. Nunes filed his supplemental brief on July 20. ECF No. 43. CNN responded on August 14. ECF No. 44. The briefing on CNN's motion to dismiss is now complete.

## **Argument**

There is no reason to hold a pre-motion conference on CNN's fully-briefed motion to dismiss. Rep. Nunes has had ample opportunity to make all arguments in opposition to that motion to dismiss—not only in his opposition brief, but then also in the recent supplemental briefing. Indeed, the very issue that he urges the Court to consider in his letter—"whether § 48a of the California Civil Code is a 'procedural' or 'substantive' statute"—was already briefed by both parties. *See* ECF No. 25, Opp. at 8 (arguing, under a separate header, that "California Civil Code § 48a Is A Procedural Law"); ECF No. 26, Reply at 3 (responding to this argument). Rep. Nunes's position can be considered by the Court, alongside the other arguments made by the parties, based on the papers already submitted.

Rep. Nunes's request is procedurally improper and should be rejected on that basis alone. On its face, Rep. Nunes's letter appears to be seeking a pre-motion conference with respect to an already-filed Rule 12(b)(6) motion by CNN in which the briefing, including supplemental briefing, has been completed. There is no basis for holding such a conference now. To the extent that Rep. Nunes is seeking in substance to file yet another brief, he has provided no justification for that. Courts disfavor such requests, which have "the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008); *Eldridge v. New York*, 2011 WL 1532046, at *1 n.2 (S.D.N.Y. Feb. 1, 2011) (similar). Here, Rep. Nunes has not identified "anything new in [CNN's] reply papers," and therefore "ha[s] no tenable basis for seeking leave to file a surreply." *Gladstone Ford v. New York City Transit Auth.*, 43 F. App'x 445, 449 (2d Cir. 2002); *see Cost v. Supermedia*, 2012 WL 2829526, at *1 (S.D.N.Y. July 9, 2012) (denying request for sur-reply where plaintiff "had an adequate opportunity to respond to the defendant's motion to dismiss").[1]

Moreover, Rep. Nunes's legal argument on the merits is baseless for the reasons explained in CNN's Reply. California's retraction statute and attendant limitation on damages are substantive law under Virginia choice of law rules. As Rep. Nunes acknowledges in a footnote,

---

[1] These concerns are particularly pronounced in this case, given the First Amendment interests at stake. As courts in this District have repeatedly recognized, "forcing defamation defendants to incur unnecessary costs can chill the exercise of constitutionally protected freedoms." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015).

**WILLIAMS & CONNOLLY LLP**

Hon. Kimba M. Wood
August 21, 2020
Page 3

the parties agree that Virginia choice of law rules govern here.  Letter at 2 n.1.[2]  But Rep. Nunes ignores that courts applying Virginia choice of law principles repeatedly have held that "the right to recovery and the limits on recovery are substantive law."  *See, e.g.*, *Spring v. United States*, 833 F. Supp. 575, 579 (E.D. Va. 1993) (quotation marks omitted) (holding that damages limitation under wrongful death statute was substantive); *Corinthian Mortg. Corp. v. ChoicePoint Precision Mktg., LLC*, 2009 WL 36606, at *6 n.4 (E.D. Va. Jan. 5, 2009) ("Under Virginia's conflicts rules, issues related to recovery are considered substantive law."); *see also, e.g.*, *Griffin v. Red Run Lodge, Inc*., 610 F.2d 1198, 1205 n.7 (4th Cir. 1979) ("Availability Vel non of punitive damages is clearly a matter of substantive right to be determined by reference to state law."); ECF No. 26, Reply at 3 (citing cases).

Rep. Nunes does not cite a single case, from any jurisdiction, holding that a retraction statute is anything other than a substantive limitation on a defamation right of action.  And he continues to ignore that his argument already has been rejected in this District.  In *Price v. Stossel*, for example, the plaintiff argued that the California retraction statute was "inapplicable because it is procedural."  2008 WL 2434137, at *6 n.12 (S.D.N.Y. June 4, 2008).  The court disagreed, emphasizing that prior courts had held that the statute was substantive and applied in diversity actions.  *Id.*; *see also, e.g.*, *King v. ABC, Inc.*, 1998 WL 665141, at *2-4 (S.D.N.Y. Sept. 28, 1998) (applying California retraction statute and dismissing case).  Rep. Nunes has no answer to these cases, which were highlighted in CNN's prior briefing.  *See* ECF No. 26, Reply at 3.

Further, the only California case cited by Rep. Nunes, *O'Hara v. Storer Communications, Inc.*, does not address the question or support his argument at all.  231 Cal. App. 3d 101 (4th Dist. 1991).  To the contrary, it was one of the cases considered by the *King* court in support of its application of the retraction statute in this District.  1998 WL 665141, at *2.

In short, there is no need for the pre-motion conference that Rep. Nunes requests, no valid grounds on which to seek it, and no merit to his argument in any event.

Respectfully submitted,

/s/  *Stephen J. Fuzesi*

Stephen J. Fuzesi

---

[2] As a result, Rep. Nunes's repeated invocation of New York choice of law cases is beside the point.  He also confusingly suggests that the Court should apply the "most significant relationship" test if it determines that the statute is substantive.  Letter at 3 n.2.  But he has already acknowledged in his own briefing that this is not the applicable choice of law test in Virginia (and thus, in this case).  *See* ECF No. 43, Supplemental Br. at 3 (emphasizing that "Virginia courts have repeatedly rejected" the "most significant relationship" test) (quotation marks omitted).  Thus, all of the cases he cites regarding an interests analysis are irrelevant.